# CONTRACT FOR CABLE INSTALLATION SERVICES

Gold Key, Inc. an Ohio Corporation doing business as and hereafter referred to as Network Connectors, hereafter called Contractor, contract with the following person, (print full name) _Eglovan Maloj_, hereafter call subcontractor, for Subcontractor to perform individual Cable Installation projects a detailed in individual project work orders and/or prints provided to Subcontractor from time to time. Each project shall constitute a separate contract between the parties. Subcontractors installation services will be performed at individual private residences, individual business establishments, and/or insider various utility easements located in or around _Lakewood OH_ (county or city and state).

Specific areas and installation procedures will be designated by (name of Cable System), hereafter called System, _Time Warner Cable_. Notwithstanding the foregoing, the terms of this contract shall be binding on the parties hereto with respect to any services provided by subcontractor to the parties hereto with respect to any services provided by subcontractor to the Contractor inside or outside the territory above-defined and for any other cable system or client contracted with contractor in the absence of any other written agreement between said parties, so long as this contract is in full force and effect.

Whereas, the parties agree to the following terms and conditions:

1. It is understood that this contract does not create an employer-employee relationship between contractor and subcontractor. Subcontractor is an independent contractor and shall be independently responsible for payment of all federal, state and local taxes including income and withholding for its employees, workers compensation, social security, unemployment compensation, sales, property and gross receipts taxes and all other taxes and shall indemnify, defend and hold Contractor and system harmless with respect to the same.

2. Subcontractor warrants that it has inspected and is familiar with the proposed installation areas, has the necessary technical skill and expertise to perform each installation project, is experienced in such installations and has available experienced personnel, equipment and tools to perform the work commitment in an efficient and timely manner. Subcontractor also warrants that it will comply with System's contractual conditions and installation specifications and standards (such as requirement regarding quality and safety standards, wearing of uniforms, identification, communications, installation appointments, etc.) Subcontractor further warrants that it is familiar and shall comply with all required governmental and accepted industry safety regulations and practices and that it is properly licensed with all appropriate governmental jurisdictions to perform such installation work.

3. Subcontractor shall have sole control of the means, methods, and timing of performing each installation project, including the selection of persons to perform

**EXHIBIT B**

the work involved and each work order or construction print hereunder, subject to Systems or other clients contractual conditions, specifications, and standards, Contractor being concerning only with the results contacted for.

4. Subcontractor shall be furnished all necessary materials to perform each installation project. Subcontractor shall use such materials solely to perform the installations covered by this agreement. Unused materials shall be immediately returned to such locations as directed by Contractor. Subcontractor shall be responsible for loss or damage to such materials while in subcontractor's possession or under his control.

5. Subcontractor has informed contractor of Subcontractors workload capabilities and Contractor is relying on such information. Should a reduction in workload capacity become necessary, Subcontractor shall inform contractor in writing at least seven (7) days before any actual reduction in workload capacity takes effect. Should no notice be given to Contractor, and Contractor must pay others to handle additional work, the Subcontractor not giving notice shall be held responsible for any ensuing charges incurred by Contractor in getting the work completed above what would have been charged by and paid to Subcontractor if Subcontractor had completed the work.

6. Subcontractor shall furnish Contractor proof of the following insurance coverage prior to commencing installation services and from time to time thereafter upon request: (1) <u>comprehensive commercial general liability insurance occurrence form</u> with limits for bodily injury of $1,000,000 per occurrence and $1,000,000 general aggregate, and with limits for property damages of $1,000,000 per occurrence and $1,000,000 general aggregate. This coverage shall also include the following endorsements: (a) Broad form property damage liability coverage, (b) products and completed operations liability coverage, (c) Personal & advertising injury, and (d) underground property damage liability coverage (when applicable); (2) <u>automobile liability insurance</u> with combined single limit coverage of at least $1,000,000 and (3) <u>workers compensation coverage</u> with statutory limits as provided by the stated in which the work is to be performed. Subcontractor shall name Contractor as an additional named insured on all the insurance policies and/or certificated described in (1) and (2) hereof. Each policy and/or certificate shall provide that it will not be canceled or amended except after thirty (30) days advance written notice to Contractor.

7. Contractor will pay Subcontractor for each installation project invoiced according to Contractor's price list and payment schedule in effect from time to time. Contractor may withhold payment to Subcontractor until Contractor is paid by System. Contractor may amend the price list and payment schedule by giving Subcontractor prior written notice thereof prior to any pay period. Payment by Contractor shall not be deemed acceptance of Subcontractor's work. Upon termination of this contract Contractor may withhold payment to Subcontractor until Subcontractor furnishes proof that all employees and Subcontractor of

Subcontractor and all obligations of Subcontractor to Contractor have been paid in full. Subcontractor waives all rights it may have to any mechanics or similar lien against any property upon which the work is to be performed.

8. Subcontractor guarantees its work for two (2) years from date of completion to be free from any effects or faults arising from noncompliance of system or standard industry specifications and procedures. Should faulty workmanship be found, Contactor shall either (1) give Subcontractor two (2) days to correct any deficiencies before sending another party to do so. (The resulting repair costs will be back charged against the Subcontractor's invoice, or (2) repair any deficiencies when found and levy any resulting repair costs against Subcontractors shall forthwith remit the amount charged to Contractor.

9. Contractor shall retain 10% of each Subcontractors invoice and Subcontractor agrees to such retainage until a total retainage of the appropriate amount below has been withheld:

    Holding weeks (2-3)

    Retainage moneys shall be applied (if necessary) by the Contractor against (1) any repair of defective workmanship and/or equipment, vehicle or tool rental/purchases, lost subscriber collections, lost, damage, or non-returned materials, over billing, any outstanding cash advances, etc., and (3) any known or pending third party monetary claims arising from Subcontractors negligent work performance for the indemnification and defense of Contractor until such claims are satisfied in full.

10. Subcontractor agrees that while it is providing services to Contractor and for a period of ninety (90) days after the termination of this agreement, Subcontractor will not perform the same services for System, buy may do so for any other clients not contracted with the Contractor. In the event Subcontractor breaches this provision, Contractor may enforce the same by specific performance.

11. Subcontractor acknowledges that each project will be initialed under one or more contracts entered into between Contractor and either System or some other client. To the extent that any one or more of these contracts are made available to Subcontractor, Subcontractor agrees to be bound by the terms contained therein, as if fully restated in this Contract. It is understood that the terms of said Contract may vary from project to project.

12. Subcontractor does hereby indemnify and hold Contractor harmless from and against any and all claims, demands, suits or proceedings of any kind, which might be by, under or through Subcontractor. This indemnification shall include any and all damages, losses, costs or expenses incurred by Contractor, including attorney's fees, expert witness fees and other litigation expenses incurred in defending against any such claims.

13. In addition to any other remedies which Contractor may have against Subcontractor upon a breech of this Contract by Subcontractor, Contractor shall also have remedies as may be available to it at both law and in equity and shall also be entitled to recover from Subcontractor all attorney's fees, expert witness fees and other costs of litigation's incurred by Contractor either in enforcing this Contract or individual project work orders or in defending claims made against it by a subcontractor. Furthermore, Subcontractor waives any right it may have to demand a jury trial in the event of litigations.

14. In the event subcontractor is a corporation or a partnership, it is expressly understood and agreed that the person or persons executing this Contract on behalf of Subcontractor shall be individually and personally bound by all of ther terms hereof and liable to contractor hereunder, as if he, she or they were specifically names as a party hereto.

15. This Contract shall be effective until either party shall have properly terminated it. Contractor may terminate this contract by giving at least fourteen (14) days prior written notice to Subcontractor in case of termination without cause. However, Contractor may terminate this Contract with twenty-four (24) hours prior written notice in the event of any breach of this Contract by Subcontractor. Subcontractor may terminate this contract by giving seven (7) days prior written notice to Contractor or twenty-four (24) hours prior written notice in the event of any material breach of this contract by Contractor.

16. No assignment of this Contract shall be made by either party without the consent in writing of the other.

17. This Contract is binding upon each parties respective heirs, successors and assigns.

18. In case any one or more provisions of this contract shall be invalid, illegal or unenforceability of the remaining provisions contained herein shall not be in any way affected or impaired thereby.

19. Subcontractor warrants that it fully understands and accepts all the terms and conditions of this Contract.

20. This Contract constitutes the entire agreement of the parties and supersedes all prior agreements. This contract may be changed only by an agreement in writing signed by both parties, which is expressly stated to be an amendment hereto.

In Witness Hereof, the parties hereto have affixed their signatures intending to be bound by the terms and conditions of this contract on the 23 day of SEPT, 20 08

**Subcontractor:**

*Eglovan Malaj* (signature)

**Signature:**

*Voui Malaj* (signature)

**Gold Key, Inc., Contractor**

(signature)

**Witness:**

*Davin By* (signature)

X Sole Proprietorship _____ Partnership _____ Corporation

**Business Address:**

_____ _____
(# And street name, apt#)        (City, state, zip code)

**Phone ( )** _____   **Drivers License #** _____

                                  **Vehicle Tag #** _____
_____
Federal I.D or S.S. #

**Retainage Classification**

_____ Holding weeks